IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN LONDON,<br><br>**Plaintiff,**<br><br>v.<br><br>TULSA POLICE DEPARTMENT,<br><br>**Defendant.** | Case No. 25-CV-00012-SEH-CDL |

## OPINION AND ORDER

Before the Court is Plaintiff's Complaint [ECF No. 2]. Plaintiff was granted leave to proceed *in forma pauperis*. [ECF No. 7], so the Complaint is subject to screening under 28 U.S.C. § 1915(e). *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Because the Complaint fails to state a claim upon which relief may be granted, this case is dismissed without prejudice. A separate judgment will be entered.

### I. Background

Plaintiff's allegations are mostly incomprehensible. From what little the Court can glean from Plaintiff's Complaint, the main factual allegations against Defendant appear to be that: (1) Plaintiff was removed from his land and/or apartment; (2) the Tulsa Police either said something that was not true and/or falsely accused Plaintiff of something; (3) the "Tulsa Police

discriminated against [Plaintiff] for been [sic] indigenous;" and (4) Plaintiff "got sent to the wrong jail" because he is "federal not state." [ECF No. 2 at 3–5] (cleaned up). Plaintiff appears to bring his claim under 42 U.S.C. § 1983; 18 U.S.C. § 112(a); the Fourth and Thirteenth Amendments of the United States Constitution; some unidentified treaty; and the Declaration of Independence. Plaintiff also appears to make a claim for defamation.

## II. Discussion

### A. Standard

28 U.S.C. § 1915(e) provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that…
>   (B) the action or appeal …
>     (ii) fails to state a claim on which relief may be granted….

For the reasons explained below, the Complaint fails to state a claim on which relief may be granted. Therefore, the case is dismissed without prejudice.

A *pro se* plaintiff's complaint must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, liberal construction of a *pro se* plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). The standard for dismissals under § 1915(e)(2)(B)(ii) is the same as dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do.") (cleaned up). Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). In determining whether amendment would be futile, the Court should "not conjure facts [the plaintiff] might conceivably raise in support of his claims; that would make [the Court] his advocate." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

### B. <u>Application</u>

There are many deficiencies in the Complaint, most of which are caused by Plaintiff's incompressible allegations. A few issues are worth highlighting.

At the outset, 18 U.S.C. § 112(a), the Thirteenth Amendment, and the Declaration of independence do not confer private rights of action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (criminal statutes that do not provide for a private right of action are not enforceable through a civil action); *Guesby v. Bert Nash Cmty. Mental Health Ctr., Inc.*, No. 22-2370-DDC-TJJ, 2023 WL 3040454, at *3 (D. Kan. Apr. 21, 2023) (no private cause of action exists under the Thirteenth Amendment); *Rywelski v. Biden*, No. 23-5099, 2024 WL 1905670, at *2 (10th Cir. May 1, 2024) ("The Declaration of Independence is thus a statement of principles and ideas, not of law, and does not grant enforceable rights."). Therefore, Plaintiff's claims under these authorities fail to state a claim upon which relief may be granted.

The remainder of Plaintiff's claims and allegations are nothing more than conclusions and labels that fail to state a claim upon which relief can be granted. For example, Plaintiff asserts that he was discriminated against, that the "Tulsa Police acted under color of law by violating foreign treaty rights and laws also kicking [him] off [his] land," that the police "made others believe something that was not true," and that he was sent to the wrong jail because he is "federal not state." [ECF No. 2 at 4–5] (cleaned up). Plaintiff does not explain how he was discriminated against, what treaty he enjoys rights under, what the police said that was untrue, nor does he explain any of the circumstances surrounding his assertion that he was sent to the wrong jail. The remainder of Plaintiff's allegations are similarly conclusory, and they do not provide the Court with adequate information to determine whether a viable claim could exist. The Court must liberally construe Plaintiff's pleadings, but it is not obligated to "conjure facts [that Plaintiff] might conceivably raise in support of his claims." *Requena*, 893 F.3d at 1205. It would be improper to do so because the Court cannot act as Plaintiff's advocate. *Id.*

The Court finds that amendment would be futile. The Complaint is so devoid of factual allegations that the Court cannot divine (and should not conjure) what factual allegations could possibly state a claim upon which

5

relief may be granted. Further, several of the authorities that Plaintiff relies upon cannot support a private right of action.

### III. Conclusion

For the reasons set forth above, the Complaint [ECF No. 2] is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal will be entered.

Finally, the Court reiterates that Plaintiff is still subject to filing restrictions in this district. *In the Matter of Kevin London Filing Restrictions*, No. 25-GO-00001-JFH (N.D. Okla. Feb. 11, 2025) [ECF No. 3]. Nothing in this order alters those filing restrictions.

DATED this 10th day of April, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE